UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GRACE L. CORNELL,

                          Plaintiff,

    - against -                                      6:08-CV-1021 (LEK)

MICHAEL J. ASTRUE, as Commissioner
of the Social Security Administration,

                          Defendant.
_____

# DECISION and ORDER

## I.    INTRODUCTION

Presently before the Court is a Motion for attorney's fees pursuant to Section 204, Subsection 2412(b) of the Equal Access to Justice Act ("EAJA") (28 U.S.C. § 2412). See Dkt. No. 17 ("Fee Motion").

## II.    BACKGROUND

On January 21, 2011, Plaintiff Grace L. Cornell ("Plaintiff") filed a Complaint seeking review of a decision by the Commissioner of Social Security, Michael J. Astrue ("Defendant"), denying Plaintiff's Application for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Social Security Income ("SSI") based on Defendant's assertion that Plaintiff was not disabled and not entitled to DIB or SSI. Dkt. No. 11 ("Defendant's Brief"). On January 15, 2009, Defendant filed an Answer arguing that Plaintiff had not shown "good cause" for her case to be remanded by the Court for a new hearing. Dkt. No. 8 ("Answer") ¶ 8. Subsequently, both parties submitted briefs in support of their positions. Dkt. Nos. 10 ("Plaintiff's Brief"), 11 ("Defendant's Brief").

On December 8, 2010, the Honorable David E. Peebles, United States Magistrate Judge, filed a Report-Recommendation: concluding that Defendant's determination that Plaintiff was neither disabled nor entitled to disability benefits resulted from an erroneous application of controlling legal principles and lacked the support of substantial evidence; and recommending that Plaintiff's Motion for judgment on the pleadings be granted and the matter be remanded to the agency for further consideration. Dkt. No. 14 ("Report-Recommendation") at 3. The Report-Recommendation was based on Judge Peebles's determination that the Administrative Law Judge ("ALJ") failed to consider Plaintiff's obesity in combination with Plaintiff's other impairments. Id. at 57-58. Neither party raised any objections to the Report-Recommendation. See generally Dkt. Accordingly, on December 23, 2010, the Court approved and adopted the Report-Recommendation in its entirety. The Court further granted Plaintiff's Motion for judgment on the pleadings, and vacated the Commissioner's determination of no disability, and remanded the case for further proceedings. Dkt. No. 15 ("Order").

On January 21, 2011, Plaintiff filed a Motion for attorney's fees under the EAJA. Dkt. Fee Motion. Plaintiff sought an award of attorney's fees in the amount of $4,208.86 for 23.6 hours of work as well as costs in the amount of $47.00. Id. at 4-5. Defendant did not oppose Plaintiff's motion for attorney's fees. See generally Dkt.

## III. STANDARD OF REVIEW

The EAJA provides, in relevant part, that:

[A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Additionally, under § 406(b)(1) of the Social Security Act ("SSA"), a court will grant attorney's fees where the following three elements are satisfied: "(1) a judgment in favor of the claimant; (2) the fee must be awarded as part of the court's judgment; and (3) the fee must not exceed twenty-five percent of the total amount of past-due benefits rewarded to the claimant."  Kazanjian v. Astrue, No. 09 civ. 3678, 2011 WL 2847439, at *1 (E.D.N.Y. July 15, 2011); see also 42 U.S.C. § 406(b)(1)(A).  Section 406(b) further requires that the district court review the reasonableness of the requested fee.  See Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990).

In order to determine the reasonableness of an award under § 406(b), "courts have considered numerous factors, including: (1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case."  Kazanjian, 2011 WL 2847439, at *1.  However, in the SSA context, "the best indicator of the 'reasonableness' of a contingency fee . . . is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations."  Wells, 907 F.2d at 371.  Thus, in an SSA case in which there is a contingency fee agreement, "the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable."  Id.

IV.  **DISCUSSION**

The prevailing party in a civil action brought by or against the United States or an agency or

3

official of the United States may be awarded reasonable fees and expenses of attorneys. 28 U.S.C. § 2412(a)-(b). A court will award a prevailing party, other than the United States, fees and other expenses absent the court's finding that the government's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Northern District of New York has held that in order for a party to prevail, she must have succeeded on a significant issue in the litigation. Flanders v. Shalala, No. 91-CV-337, 1994 WL 329482, at *3 (N.D.N.Y. July 1, 1994). Where the district court remands the decision under sentence four of 28 U.S.C. § 405(g), the plaintiff is considered a prevailing party. Id. Finally, Defendant has not objected to this fee request, and the Court finds no evidence to suggest either that Defendant's position was substantially justified or that an award of fees would be unjust. See generally Dkt.

**A. Reasonableness of Attorney's Fees**

Plaintiff's counsel seeks an award of attorney's fees of $4,161.86 for 23.6 hours of work rendered on behalf of Plaintiff. Fee Mot. at 4. The requested award is in accordance with the fee agreement signed and executed by Plaintiff on September 17, 2008. Dkt. No. 17-5. The request is based upon cost of living increases as reported by the Consumer Price Index. See Fee Mot. at 4.

A court has "broad discretion" to determine what is reasonable and need not scrutinize each individual action for the reimbursement sought. See Aston v. Sec'y of Health & Human Servs., 808 F.2d 9, 12 (2d Cir. 1986). In the Northern District of New York, courts have found that a reasonable time to litigate a routine social security case ranges from twenty to forty hours. Harvey v. Astrue, No. 09-CV-00020, 2011 WL 2081812, at *2 (N.D.N.Y. May 26, 2011). The amount of attorney's fees is to "be determined on the facts of each case." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). Important factors considered by courts include the overall relief provided to the

4

plaintiff relative to the hours spent on litigation and an examination of the itemized bill.  <u>Ferguson v. Apfel</u>, No. Civ. A. CV-98-3728, 2000 WL 709018, at *2 (E.D.N.Y. April 17, 2000) (quoting <u>Hensley</u>, 461 U.S. at 435).

Defendant did not file a response to Plaintiff's Motion for attorneys fees.  <u>See generally</u> Dkt.  After a thorough review of the record, the Court finds the Plaintiff's requested fee award to be reasonable, in all respects, and therefore awards a fee in the amount of $4,161,86.

### B. Additionally Incurred Expenses

Plaintiff also seeks $47.00 for service of process and photocopies.  Fee Mot.  Defendant has filed no opposition to the additionally requested items.  The Court finds the fees requested to be reasonable and awards Plaintiff an additional $47.00 in costs.

### V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for attorney's fees (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff is awarded $4,161.86 in attorney's fees pursuant to the Equal Access to Justice Act; and it is further

**ORDERED**, that Plaintiff is awarded $47.00 in costs pursuant to the Equal Access to Justice Act; and it is further

**ORDERED**, that the Clerk serve a copy of this order on the parties.

**IT IS SO ORDERED**.

DATED: October 11, 2012
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge